IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-527-BO

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, ) ) | |
| Plaintiff, ) ) | **ORDER** |
| v. ) ) | |
| SOUTHERN TRUST MORTGAGE, LLC, ) ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motion to dismiss for improper venue or alternatively to transfer this action. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1404(a). Also pending and ripe for ruling is plaintiff's motion for leave to file an amended complaint. For the reasons discussed below, defendant's motion to dismiss is denied and this action is transferred to the United States District Court for the Eastern District of Virginia.

## BACKGROUND

Branch Banking and Trust Company (BB&T) filed this action for breach of contract pursuant to this Court's diversity jurisdiction. 28 U.S.C. § 1332. BB&T alleges that Southern Trust breached its contract to sell mortgage loans to BB&T(the Loan Purchase Agreement), which would in turn sell those loans to the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac). Specifically, BB&T alleges that Southern Trust did not ensure that the loans it sold to BB&T were in accordance and in full compliance with the requirements of Fannie Mae and Freddie Mac as required by the Loan Purchase Agreement. Because of this alleged breach, BB&T was required to buy back five mortgages from Fannie Mae and Freddie Mac. BB&T seeks actual damages or alternatively

specific performance in the form of repurchase of the loans by Southern Mortgage, as well as the costs of this action and reasonable attorneys' fees.

## DISCUSSION

I. VENUE IN THIS DISTRICT IS PROPER

Pursuant to 28 U.S.C. § 1391, venue is proper in the judicial district in which any defendant resides or the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. §§ 1391(b)(1)-(2). Southern Trust does not reside in this district, but a sufficient portion of the events giving rise to this action occurred in this district to make venue proper here. BB&T's representative negotiated and executed the Loan Purchase Agreement with Southern Trust from his office in Wilson, North Carolina. [DE 15-1]. BB&T received all loans for sale by Southern Trust in Wilson and BB&T initiated wire transfers to Southern Trust for its purchases from Wilson. *Id.* The Loan Purchase Agreement also includes a North Carolina choice-of-law provision. *See e.g. Div. Access Control, Inc. v. Landrum*, No. CIV A 306CV414, 2007 WL 1238607, at *5 (E.D. Va. Apr. 27, 2007) (where breach of contract claims founded on contract signed in Virginia and governed by Virginia law, venue in Virginia is proper). Moreover, "[a]lthough it appears that events or omissions giving rise to this action may have occurred in greater numbers in another district, since substantial events and omissions also occurred in this district, venue is proper." *Hardee's Food Sys., Inc. v. Beardmore*, 169 F.R.D. 311, 317 (E.D.N.C. 1996).

II. TRANSFER OF THIS ACTION IS APPROPRIATE

A court that is a proper venue may transfer venue in a civil action to any district or division in which the action might have been brought, for the convenience of parties and

2

witnesses and in the interest of justice. 28 U.S.C. § 1404(a); *see also* 15 Fed. Prac. & Proc. Juris. § 3841 (4th ed.). "An order allowing transfer of a matter to another district is committed to the discretion of the district court." *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984). A court may consider numerous factors when deciding whether transfer is appropriate, including the plaintiff's choice of forum, witness convenience and access, the convenience of the parties, where the events occurred that gave rise to the action, and enforceability of judgment. *See Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F.Supp. 2d 357, 362 (W.D.N.C. 2003). As the Court considers such factors, it bears in mind that the ultimate decision of whether transfer is appropriate is not reached by cataloguing the weighted result of each factor, but rather is within the "art of judging." *Datasouth Computer Corp. v. Three Dimensional Technologies, Inc.*, 719 F.Supp. 446, 451 (W.D.N.C. 1989) (citation omitted).

BB&T does not dispute that this action could have been brought in the Eastern District of Virginia nor does it contend that a forum selection clause in the Loan Purchase Agreement would require this action to remain in this district. Though BB&T has selected this forum, each of the remaining factors weighs in favor of transfer of this action to the Eastern District of Virginia. Southern Trust is located in the Eastern District of Virginia, as is each of the subject properties. BB&T seeks specific performance in the form of Southern Trust's repurchase of the subject mortgage loans, which will involve the transfer of Virginia real property interests and deeds of trust recorded in the Virginia courts. Although BB&T has identified one principal witness who resides in North Carolina, the remaining witnesses and documentary proof identified by Southern Trust are located in the Eastern District of Virginia, making it the "center of gravity" of this action. *See Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*, 774 F. Supp. 858,

868 (S.D.N.Y. 1991) ("core determination under § 1404(a) is the center of gravity of the litigation, a key test of which is the convenience of witnesses.").

For these reasons, the Court in its discretion finds that this action is more properly maintained in the Eastern District of Virginia and that transfer pursuant to 28 U.S.C. § 1404(a) is appropriate. In light of the transfer of this matter, the Court declines to consider BB&T's motion for leave to file an amended complaint.

## CONCLUSION

Accordingly, Southern Trust's motion to dismiss or in the alternative to transfer [DE 13] is GRANTED IN PART AND DENIED IN PART. The motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure is DENIED. Pursuant to 28 U.S.C. § 1404(a), the clerk is DIRECTED to TRANSFER this matter in its entirety to the United States District Court for the Eastern District of Virginia.

SO ORDERED, this __16__ day of January, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE